**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | § § § | **CIVIL ACTION 6:20-cv-01163-ADA** **CIVIL ACTION 6:20-cv-01164-ADA** |
| *Plaintiff,* | § § | **CIVIL ACTION 6:20-cv-01165-ADA** **CIVIL ACTION 6:20-cv-01166-ADA** |
| v. | § § | **CIVIL ACTION 6:20-cv-01167-ADA** **CIVIL ACTION 6:20-cv-01168-ADA** |
| **SALESFORCE.COM, INC.,** | § § | **CIVIL ACTION 6:20-cv-01169-ADA** **CIVIL ACTION 6:20-cv-01170-ADA** |
| *Defendant.* | § § | **CIVIL ACTION 6:20-cv-01171-ADA** **CIVIL ACTION 6:20-cv-01172-ADA** |

**SUPPLEMENTAL DECLARATION OF DR. DOUGLAS C. SCHMIDT IN**

**SUPPORT OF SALESFORCE'S REPLY CLAIM CONSTRUCTION BRIEF**

I, Douglas C. Schmidt, declare as follows:

1. I am qualified and authorized to attest to the matters set forth in this Declaration. I have knowledge of the facts set forth in this Declaration based on my own personal information or investigation into the relevant subject matter.

## I. INTRODUCTION

2. I am over the age of 18 and am competent to make this Declaration. I have personal knowledge or have developed knowledge of these technologies based upon education, training, or experience, of the matters set forth herein.

3. I have been retained by counsel for defendant salesforce.com, inc. ("Salesforce") as an expert to provide opinions regarding the understanding of a person of ordinary skill in the art ("POSITA") in connection with certain terms in the claims of U.S. Patent Nos. 8,209,411 (the "'411 patent"), 8,280,928 (the "'928 patent"), 8,335,819 (the "'819 patent"), 8,369,827 (the "'827 patent"), 8,923,899 (the "'899 patent"), and 9,088,493 (the "'493 patent").

4. I am being compensated at my usual hourly rate of $550 per hour. I am also being reimbursed for any out-of-pocket expenses. I have no financial interest in, or affiliation with, Salesforce. My compensation does not depend in any way on the outcome of this case, the substance of my testimony, or opinions that I express.

5. In rendering my opinions, I have considered the patents at issue, their file histories, the parties' claim construction disclosures, and any other documents referenced, discussed, or listed in my declaration, and my own knowledge and experience in the user interface, computer networking, wireless communications, telecommunications networks, relational database management system, data structures, algorithms, and other computing fields relevant to the asserted patents.

6. In forming my opinions, I understand that the claims should be interpreted as they would be understood by a POSITA of the patent at the time its application was filed. I understand that the claims are to be construed with reference to the patent's specification, the claims, the prosecution history, in light of the plain meaning of the terms used in the claims, and with potential reference to other sources of information, such as dictionaries, textbooks, and literature or other patents in the same or related fields.

7. My analysis of the materials produced in this matter is ongoing and I will continue to review any new material as it is provided. This declaration represents only those opinions I have formed to date. I reserve the right to amend or supplement my opinions based on additional documents or evidence I am presented, including without limitation any arguments or expert declarations advanced by either party in this case.

## II.   QUALIFICATIONS AND EXPERIENCE

8. I provided an overview of the legal standards that I was informed about in my initial declaration, which I incorporate by reference here. Dkt. 37-1 ¶¶ 8-20.

## III.   LEGAL STANDARDS

9. I provided an overview of the legal standards that I was informed about in my initial declaration, which I incorporate by reference here. *Id.* ¶¶ 21-35.

## IV.   LEVEL OF ORDINARY SKILL IN THE ART

10. I discussed the appropriate level of ordinary skill in the art in my initial declaration, which I incorporate by reference here. *Id.* ¶¶ 36-45.

## V. ADDITIONAL OPINIONS ON DISPUTED CONSTRUCTIONS

### A. The '819 patent

#### 1. "first time request"

| Salesforce's Proposed Construction | WSOU's Proposed Construction |
|---|---|
| "a request before a client-side persistency file has been created or a request where no previous session information exists" | Plain and ordinary meaning. |

11. I understand that WSOU argues that Salesforce's construction would exclude embodiments pertaining to distinguishing between the first and subsequent requests of a specific scripting file disclosed within the '819 patent. *See* Resp. Br. 16-17. I have reviewed the section of the specification cited by WSOU, and the embodiments described therein use a "socket ID" or "worker process/thread ID" to distinguish between different KeepAlive connections to distinguish between the first and subsequent requests. *See* '819 patent at 8:30-48. This passage suggests that the first and subsequent requests are received via *different* KeepAlive connections, and therefore correspond to different socket or worker/process thread IDs. However, just using a socket or worker process/thread ID alone would be insufficient to distinguish between the first and subsequent requests over the *same* KeepAlive connection because each request would have the same socket or worker process/thread ID.

12. I also understand that WSOU argues that Salesforce's construction of "first time request" to mean in part that "no previous *session information* exists" clashes with the '819 patent claims' requirement that "if the request is a first time request, [the server] collect[s] *session configuration information* . . . from the device." Resp. Br. 17-18 (emphasis added). In doing so, WSOU is equating "session information" with "session configuration information," but this type of information is not the same. The '819 patent discloses that with its invention, "[i]f the request is a first time request, the client-side consistency module collects session

3

configuration information . . . [and] specifies session variables . . . based on the session configuration information." '819 patent at Abstract; *see also id.* at 1:41-50, 61-66, 2:13-17, 5:12-16.  In one embodiment, it also discloses that "the web server 103 prepares the *session information* according to the information provided in [a] form (at 617)," and after receiving a redirect request, "the web server 103 creates *session variables* from the information collected at 617 and returns the session variables . . . ." *Id.* at 12:4-6, 20-22 (emphasis added).  In the '819 patent, therefore, the "session variables" are the "session information," and thus "session information" and "session configuration information" are separate and distinct from each other.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Franklin, TN on November 17, 2021.

*[signature: Douglas C. Schmidt]*

_____
Dr. Douglas C. Schmidt