# Exhibit 892-3

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | | |
|---|---|---|---|
| In re Application of: | Petter KARLSSON *et al.* | Confirmation No.: | 8879 |
| Application No.: | 11/550,555 | Examiner: | Kwasi Karikari |
| Filed: | October 18, 2006 | Group Art Unit: | 2617 |

For: METHOD OF PROVIDING ACCESS TO PRESENCE RELATED INFORMATION

Commissioner for Patents
Alexandria, VA 22313-1450

**RESPONSE UNDER 37 C.F.R. § 1.111**

Dear Sir:

In response to the Office Action of May 18, 2009, please amend this application as follows.

AMENDMENT AND PRESENTATION OF CLAIMS ....................................................2

REMARKS.......................................................................................................7

## AMENDMENT AND PRESENTATION OF CLAIMS

Please replace all prior claims in the present application with the following claims, in which claims 1, 6-12, and 14-16 are currently amended.

1. (Currently Amended) A method of providing access to Presence information comprising ~~the following steps~~:

~~(a)~~ storing Presence information for a user;

~~(b)~~ receiving a request for access to said Presence information from an entity;

~~(c)~~ allowing or denying access to said Presence information based on a pre-defined list;

~~(d)~~ logging the identity of any entity that requests, accesses, or is denied access to the Presence information; and

~~(e)~~ automatically providing data to a wireless information device operated by the user to enable that device to display the identity of the entity that requested, accessed, or was denied access to the Presence information.

2. (Original) The method of Claim 1 in which Presence information is stored at a server remote from the device and the time of request or access is logged at the server and then automatically provided by the server to the device by being sent to the device for display on the device.

3. (Original) The method of Claim 1 in which Presence information is stored on the device, the time of request or access is logged on the device and then provided internally within the device for display on the device.

4. (Original) The method of Claim 1 in which the kind of Presence information requested or accessed is logged and automatically provided to the device for display on the device (i) instantly when an entity requests or accesses Presence information; (ii) at regular times; (iii) at pre-defined times; or (iv) when requested to do so by the device.

5. (Original) The method of Claim 1 in which the step of storing and logging Presence information takes places at a server based database, programmed to automatically send some or all of the logged information to the wireless information device.

6. (Currently Amended) The method of Claim 1 comprising ~~the step of~~ providing an entity accessing Presence information with the option of leaving a message to be sent to the user.

7. (Currently Amended) ~~A wireless information device programmed to~~ An apparatus comprising:

at least one processor; and

at least one memory including computer program code,

the at least one memory and the computer program code configured to, with the at least one processor, cause the apparatus to perform at least the following,

receive data defining the identity of any entity that has requested, accessed, or been denied access to Presence information relating to the user of the ~~device~~ apparatus;

display that identity together with an indication that Presence information has been sought or accessed.

8. (Currently Amended) The ~~wireless information device~~ apparatus of Claim 7 ~~programmed to~~ , wherein the apparatus is further caused to:

~~(a)~~ receive data defining the time at which Presence information was requested or accessed;

~~(b)~~ display that time.

9. (Currently Amended) The ~~wireless information device~~ apparatus of Claim 7 ~~programmed to~~ , wherein the apparatus is further caused to:

~~(a)~~ receive data defining the kind of Presence information that was requested or accessed;

~~(b)~~ display the kind of Presence information accessed.

10. (Currently Amended) The ~~wireless information device~~ apparatus of Claim 7 in which the identity of the entity that has requested or accessed the Presence information is displayed on the ~~wireless information device~~ apparatus together with a user selectable option to contact that entity using voice or message based communication.

11. (Currently Amended) The ~~wireless information device~~ apparatus of Claim 7 ~~programmed to~~ , wherein the apparatus is further caused to display user selectable options defining when the data is to be received from a server.

12. (Currently Amended) The ~~wireless information device~~ apparatus of Claim 7 ~~programmed to~~ , wherein the apparatus is further caused to display some or all of the following options defining when the data is to be received from a server: (i) instantly when an entity requests or

accesses Presence information; (ii) at regular times; (iii) at pre-defined times; or (iv) when requested to do so by the ~~device~~ apparatus.

13. (Previously Presented) A computer readable medium, comprising instructions for:

receiving data on a wireless information device, said data defining an identity of an entity that has requested, accessed, or been denied access to Presence information relating to a user of the device:,

displaying on said wireless information device said identity of an entity together with an indication that Presence information has been sought or accessed.

14. (Currently Amended) The computer readable medium of claim 13 further comprising instructions for:

~~(a)~~ receiving data defining a time at which said Presence information was requested or accessed;

~~(b)~~ displaying said time.

15. (Currently Amended) The computer readable medium of claim 13 further comprising instructions for:

~~(a)~~ receiving data defining a kind of said Presence information that was requested or accessed;

~~(b)~~ displaying said kind of Presence information accessed.

16. (Currently Amended) The computer readable medium of claim 13 further comprising instructions for:

~~(a)~~ displaying said identity of an entity that has requested or accessed said Presence information on the wireless information device together with a user selectable option to contact that entity using voice or message based communication.

17. (Original) The computer readable medium of claim 13 further comprising instructions for: displaying user selectable options defining when the data is to be received from a server.

18. (Previously Presented) The computer readable medium of claim 17 wherein said instructions for displaying user selectable options defining when the data is to be received from a server further comprise options for receiving said data (i) instantly when an entity requests or accesses Presence information; (ii) at regular times; (iii) at pre-defined times; or (iv) when requested to do so by the device.

**REMARKS**

By this amendment, claims 1-18 are pending, in which claims 1, 6-12, and 14-16 are currently amended. No new matter is introduced.

The Office Action mailed May 18, 2009 rejected claims 1, 4, 5, 7, 9, 13, and 15 under 35 U.S.C. § 102(b) as anticipated by *Havinis et al.* (US 6,311,069), claims 2, 3, 8, and 14 as obvious under 35 U.S.C. § 103 based on *Havinis et al.* (US 6,311,069) in view of *Waters et al.* (US 2003/0008659), and claims 6, 10-12, and 16-18 as obvious under 35 U.S.C. § 103 based on *Havinis et al.* (US 6,311,069) in view of *Evans et al.* (US 2002/0090911).

The rejection of claims 1, 4, 5, 7, 9, 13, and 15 under 35 U.S.C. § 102(b) as anticipated by *Havinis et al.* is respectfully traversed.

Independent claim 1 recites, *inter alia*, "**allowing or denying access** to said Presence information **based on a pre-defined list**; (d) **logging** the identity of any entity that **requests, accesses, or is denied access** to the Presence information; (e) automatically providing data to a wireless information device operated by the user to enable that device to **display the identity of the entity that requested, accessed, or was denied access** to the Presence information." Independent claims 7 and 13 contain similar features.

While Applicants do not necessarily agree that the location information in *Havinis et al.* comprises "Presence information," as claimed, assuming that such a broad interpretation may be made, *Havinis et al.* describes a mobile subscriber's profile as containing a list of preferred subscribers, or Location Areas (LA) that have permission to position the mobile subscriber (col. 3, lines 26-30). Assuming that access to position the mobile subscriber is allowed or denied based on this list of preferred subscribers, in order to meet the features of the claim, the identity of **any** and every entity making a request, whether granted access or denied, is logged, with that data

being automatically provided to the mobile subscriber's device in order "to **display the identity of the entity that requested, accessed, or was denied access**.

Contrary to these claimed features, in *Havinis et al.*, any LA that is denied access to position the mobile subscriber will **not** be displayed on the mobile subscriber's device. In accordance with col. 5, lines 36-40, of *Havinis et al.*, the identity of a requesting LA can be displayed on the mobile subscriber's device, but that is the identity of **only** those LAs that were initially granted access to position the mobile subscriber, i.e., those LAs on a list of preferred LAs. The display will not show, nor will there be a log of, LAs that did not make the first cut, i.e., those that were denied access to position the mobile subscriber because they were not on the list of preferred LAs. But, for those LAs on the list of preferred LAs, and were initially granted access to position the mobile subscriber, these LAs will appear on the display of the mobile subscriber's device and the mobile subscriber, at that time, will make a decision as to actually permit the LA access to position the mobile subscriber. This is in keeping with the concern of *Havinis et al.* in the privacy of the mobile subscriber, and allowing the mobile subscriber to deny access to position to even those LAs on a list of preferred LAs (see col. 1, lines 43-54).

Thus, in *Havinis et al.*, there is a two-prong approach. First, a requestor must be approved to request access to position a mobile subscriber, with this approval contingent on the requestor being on a list of preferred LAs. If the requestor is not on the list, the request goes no farther and there is no log of this attempt to access nor is there a display on the mobile subscriber's device of this requestor denied access. Thus, unlike the instant claimed subject matter, where each and every attempt by a requestor is identified, by identifying the entity making the attempt, to the mobile subscriber, whether the attempt was granted, or denied, the device of the mobile subscriber in *Havinis et al.* merely gets to display only those requestors on the list of

preferred LAs (and the mobile subscriber makes the final determination as to whether to grant access) and never displays other requestors who were denied access because they were not on the list. This distinguishing feature is brought out in the claims, e.g., claim 1, by the recitation of "**allowing or denying access** to said Presence information **based on a pre-defined list**," "**logging** the identity of **<u>any</u>** entity that **requests, accesses, or is <u>denied access</u>** to the Presence information," and "automatically providing data to a wireless information device operated by the user to enable that device to **display the identity of <u>the entity</u> that requested, accessed, <u>or was denied</u> access** to the Presence information."

Therefore, for the reasons above, *Havinis et al.*, does not disclose the claimed "**logging** the identity of **any** entity that **requests, accesses, or is denied access** to the Presence information" (e.g., it does not log the identity of those denied access to Presence information) and/or the claimed "automatically providing data to a wireless information device operated by the user to enable that device to **display the identity of the entity that requested, accessed, or was denied access** to the Presence information" (e.g., it does not display the identity of any entity that is denied access to the Presence information based on the pre-defined list). That is, for example, in *Havinis et al.*, there is no logging of or displaying of at least the identity of any entity that is denied access to position or presence information. Thus, in accordance with the present invention as defined by the claim language, a user is always made aware of the entities which have accessed, or which have been denied access to, presence information. This is not the case in the system of *Havinis et al*.

It is not clear from the Office Action (Applicants note the underlining, by the Examiner, of the claimed phrase "or denied access to" at page 4 of the Office Action) whether the Examiner is interpreting the claim language to encompass the logging or displaying, in the alternative, of any

one of requests **or** accesses **or** denials and whether the Examiner is suggesting that even if *Havinis et al.* does not log or display the identity of entities that have been **denied** access, it does log and display the identity of entities that have been granted access or have made requests and that these alternatives meet the claim language.

If that is the Examiner's interpretation, Applicants would point out that since the claim language recites "logging the identity of **any** entity that **requests, accesses, or is denied access**" and "…to enable that device to display the identity of **the entity** that **requested, accessed, or was denied access**," it is clear that what is logged is all and every (i.e., "any") entity, whether that entity was only requesting access, was granted access, or was denied access. It is also clear that what is displayed is "the" entity, i.e., whatever entity, that was only requesting access, was granted access, or was denied access. **All** of these entities must be logged and displayed in accordance with the claim language and it would be improper to interpret, if, in fact, the Examiner is interpreting, the claim language as being met even if only an identity of an entity only seeking access, for example, is logged and displayed. That is, treating "requests, accesses, or is denied access" as alternative embodiments would be improper since, in view of the totality of the claim language, it is clear that the identities of **all** entities, whether they merely request access, or whether they are granted or denied access, are logged and displayed. If the Examiner is so interpreting the claims in the alternative nature and remains unpersuaded by Applicants' explanation, the Examiner is respectfully requested to telephone the Applicants' representative at the telephone number below to try to reach an agreement on an amendment to the claim language that would satisfy the Examiner that the claimed subject distinguishes over *Havinis et al.*

Accordingly, since *Havinis et al.* does not disclose at least "**logging** the identity of any entity that **requests, accesses, or is denied access** to the Presence information" and

"automatically providing data to a wireless information device operated by the user to enable that device to **display the identity of the entity that requested, accessed, or was denied access** to the Presence information," it cannot anticipate the instant claimed subject matter.

Therefore, the Examiner is respectfully requested to withdraw the rejection of 1, 4, 5, 7, 9, 13, and 15 under 35 U.S.C. § 102(b).

The rejections of claims 2, 3, 8, and 14 under 35 U.S.C. § 103 based on *Havinis et al.* and *Waters et al.*, and claims 6, 10-12, and 16-18 under 35 U.S.C. § 103 based on *Havinis et al.* and *Evans et al.* is respectfully traversed.

Since *Waters et al.*, employed for a teaching of piconet devices creating activity logs correlating time and the identity of which piconet devices were in communication at that point in time, and *Evans et al.*, employed for a teaching of providing a location-sensitive prioritized profile matching service for users, and for displaying a matching profile with an option to contact the device that sent the matching profile, do not provide for the deficiencies of *Havinis et al.*, explained above, no *prima facie* case of obviousness has been established with regard to claims 2, 3, 6, 8, 10-12, 14, and 16-18.

Accordingly, the Examiner is respectfully requested to withdraw the rejections of claims 2, 3, 6, 8, 10-12, 14, and 16-18 under 35 U.S.C. § 103.

Therefore, the present application, as amended, overcomes the rejections of record and is in condition for allowance. Favorable consideration is respectfully requested. If any unresolved issues remain, it is respectfully requested that the Examiner telephone the undersigned attorney at (703) 519-9952 so that such issues may be resolved as expeditiously as possible.

To the extent necessary, a petition for an extension of time under 37 C.F.R. §1.136 is hereby made. Please charge any shortage in fees due in connection with the filing of this paper, including extension of time fees, to Deposit Account 504213 and please credit any excess fees to such deposit account.

Respectfully Submitted,

DITTHAVONG MORI & STEINER, P.C.

August 18, 2009
Date

/Phouphanomketh Ditthavong/
Phouphanomketh Ditthavong
Attorney/Agent for Applicant(s)
Reg. No. 44658

Errol A. Krass
Attorney for Applicant(s)
Reg. No. 60090

918 Prince Street
Alexandria, VA 22314
Tel. (703) 519-9952
Fax (703) 519-9958